IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK ALVARADO,

    Plaintiff,

v.        No. CIV 06-0989 JB/CEG

NEW MEXICO DEPARTMENT OF CORRECTIONS,

    Defendants.

FRANK ALVARADO,

    Plaintiff,

v.       No. CIV 06-1051 WJ/WPL

JOSE ROMERO (Warden), JIM POPEJOY (Psychologist),
DR. JOSEPH (Psychiatrist), LT. GORDEN (Security),

    Defendants.

### MEMORANDUM OPINION AND ORDER OF CONSOLIDATION

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaints (together the "Complaint"). The Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will consolidate the cases and dismiss certain of the Plaintiff's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). The Court may consolidate cases on its own motion. *See Devlin v. Transp. Commc'ns Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999). In reviewing the Plaintiff's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that, when the Plaintiff began a fast, the Defendants told him his conduct was the equivalent of a suicide attempt. The Defendants stripped him naked and locked him in a "rubber room." They denied the Plaintiff access to his bible or visits from his pastor. The Plaintiff also alleges that he was subjected to discrimination and denied parole, in violation of the Americans With Disabilities Act. For relief, the Plaintiff seeks damages and immediate release.

No relief is available on the Plaintiff's § 1983 claims against the New Mexico Department of Corrections. A claim for damages under § 1983 against a state agency or department is the same as a claim against the State itself. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "In these circumstances, the barrier is not Eleventh Amendment immunity-? '[t]he stopper [is] that § 1983 creates no remedy against a State.'" *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)). The Court will dismiss Plaintiff's § 1983 claims for damages against the New Mexico Department of Corrections as frivolous pursuant to 28 U.S.C. § 1915(e). The Court will not, at this time, dismiss the Plaintiff's claim under the Americans With Disabilities Act.

The Plaintiff must pursue his claim of denial of parole, in which he asks for immediate release, under the habeas corpus statutes.

> "Section 1983 authorizes a 'suit in equity, or other proper proceeding for redress' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution.'. . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

The Court will dismiss without prejudice the Plaintiff's claim for release on parole.

**IT IS THEREFORE ORDERED** that *Alvarado v. Romero*, No. CV-06-1051 WJ/WPL, is hereby consolidated with *Alvarado v. New Mexico Department of Corrections*, No. CV-06-0989 JB/CEG;

**IT IS FURTHER ORDERED** that the Clerk reassign *Alvarado v. Romero*, No. CV-06-1051 WJ/WPL, to Judge Browning and Magistrate Judge Garza. The Clerk is instructed to file all future pleadings and correspondence received for cause No. CV-06-1051 WJ/WPL under civil cause number No. CIV-06-0989 JB/CEG;

**IT IS FURTHER ORDERED** that the Plaintiff's § 1983 claims against the New Mexico Department of Corrections are dismissed with prejudice; and the Plaintiff's claim for denial of parole is dismissed without prejudice;

**IT IS FURTHER ORDERED** that the Clerk is directed to issue summons and complaint to Defendant New Mexico Department of Corrections, and issue notice and waiver of service forms, with copies of the complaint, for Defendants Romero, Popejoy, Joseph, and Gorden.

_____
UNITED STATES DISTRICT JUDGE